# Supreme Court of Florida

_____

No. SC11-2208
_____

**MYRIAM AMPUERO-MARTINEZ, etc.,**
Petitioner,

vs.

**CEDARS HEALTHCARE GROUP, etc.,**
Respondent.

_____

No. SC11-2336
_____

**CEDARS HEALTHCARE GROUP, etc.,**
Respondent /Cross-Petitioner,

vs.

**MYRIAM AMPUERO-MARTINEZ, etc.,**
Petitioner /Cross-Respondent.

[January 30, 2014]

QUINCE, J.

In these consolidated cases, Myriam Ampuero-Martinez (hereinafter "Mrs.

Ampuero-Martinez") and Cedars Healthcare Group (hereinafter "Cedars") seek

review of the Third District Court of Appeal's decision in Cedars Healthcare

Group., Ltd. v. Ampuero-Martinez, 88 So. 3d 190 (Fla. 3d DCA 2011), on the ground that it expressly and directly conflicts with the decision of this Court in Florida Hospital. Waterman, Inc. v. Buster ("Buster"), 984 So. 2d 478 (Fla. 2008).[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the decision of the Third District and remand this case for further proceedings in accordance with this opinion.

This case arose from a pretrial discovery dispute in a medical malpractice wrongful death action following the death of Mrs. Ampuero-Martinez's father while a patient at a facility operated by Cedars. Mrs. Ampuero-Martinez filed this action against Cedars and certain of her father's other health care providers.[2] Mrs. Ampuero-Martinez sought records of adverse medical incidents from Cedars pursuant to article X, section 25 of the Florida Constitution (Amendment 7),[3]

---

1. Cedars raises three additional issues for review that were not addressed in the district court's opinion. We decline the invitation to address these issues.

2. Adrian Legaspi, M.D., 21st Century Oncology, LLC f/k/a 21st Century Oncology, Inc., Manuel M. Gonzalez, M.D., Alejandro J. Vilasuso, M.D., and Intensive Care Consortium, Inc.

3. Article X, section 25 was added to the Florida Constitution by voters during the November 2, 2004 election. See Buster, 984 So. 2d at 480. It is referred to as "Amendment 7" because it was the seventh amendment to the Florida Constitution proposed on the November 2004 ballot. See id. at 480 n.1 (citing Fla. Dep't of State, Div. of Elections, Nov. 2, 2004, General Election, Official Results, http://election.dos.state.fl.us/elections/resultsarchive/ (last visited Jan. 9, 2012)). Floridians for Patient Protection sponsored the amendment and entitled it "Patients' Right to Know About Adverse Medical Incidents." Id. at 482. Amendment 7

which guarantees patients the right to "have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident."[4] Art. X, § 25(a), Fla. Const. Amendment 7 provides:

**§ 25. Patients' right to know about adverse medical incidents.**

(a) In addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.

(b) In providing such access, the identity of patients involved in the incidents shall not be disclosed, and any privacy restrictions imposed by federal law shall be maintained.

(c) For purposes of this section, the following terms have the following meanings:

(1) The phrases "health care facility" and "health care provider" have the meaning given in general law related to a patient's rights and responsibilities.

(2) The term "patient" means an individual who has sought, is seeking, is undergoing, or has undergone care or treatment in a health care facility or by a health care provider.

(3) The phrase "adverse medical incident" means medical negligence, intentional misconduct, and any other act, neglect, or default of a health care facility or health care provider that caused or could have caused injury to or death of a patient, including, but not

---

passed with a vote of 81.2 percent in favor of it and 18.8 percent against it. Id. at 480 n.1; see also W. Florida Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 5 (Fla. 2012).

4. At the time of the incident that Mrs. Ampuero-Martinez claims led to the death of her father, Cedars was a licensed health care facility. On December 1, 2007, Cedars sold its facility to the University of Miami and it became University of Miami Hospital.

limited to, those incidents that are required by state or federal law to be reported to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee, or any representative of any such committees.

(4) The phrase "have access to any records" means, in addition to any other procedure for producing such records provided by general law, making the records available for inspection and copying upon formal or informal request by the patient or a representative of the patient, provided that current records which have been made publicly available by publication or on the Internet may be "provided" by reference to the location at which the records are publicly available.

Art. X, § 25, Fla. Const.

Cedars objected to the discovery request and the trial court overruled Cedars' objection. Cedars petitioned the Third District Court of Appeal for a writ of certiorari, seeking to quash the trial court's order requiring production of documents pursuant to Mrs. Ampuero-Martinez's request to produce. Cedars Healthcare, 88 So. 3d at 190. Cedars argued many separate grounds, each of which it claimed would support granting the petition. Id. The district court granted the petition "solely on the ground that the request to produce ask[ed] for records of adverse medical incidents involving patients other than the plaintiff but does not limit the production of those records to the same or substantially similar condition, treatment, or diagnosis as the patient requesting access." Id. (citing § 381.028(7)(a), Fla. Stat. (2010)). The district court held that the trial court's failure to limit the request as required by the statute "departed from the essential

- 4 -

requirements of the law," and consequently quashed the portion of the trial court's order which did not limit the production request in accordance with the statute. Id. The district court denied Cedars' petition on all remaining grounds, finding that the trial court's ruling on those grounds did not depart from the essential requirements of the law. Id. at 191.

Approximately three years prior to the Third District's decision below, this Court declared subsection (7)(a) of section 381.028, Florida Statutes, invalid, as it "unconstitutionally impinge[d] upon the rights granted pursuant to amendment 7 . . . ." Buster, 984 So. 2d at 493. Therefore, the Third District's reliance on subsection (7)(a) impermissibly conflicts with this Court's decision in Buster.

Accordingly, we quash the decision of the Third District below and remand this case for reconsideration by the district court pursuant to Buster.

POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

   Third District – Case No. 3D11-34

   (Miami-Dade County)

Lincoln J. Connolly of Rossman, Baumberger, Reboso, Spier & Connolly, P.A., Miami, Florida, Florida,

for Petitioner/Cross-Respondent

Matthew W. Bernier of Carlton Fields, P.A., Tallahassee, Florida; Stephen J. Bronis, Walter J. Taché, Cristina Alonso and  Jessica Zagier Wallace of Carlton Fields Jorden Burt, P.A., Miami, Florida,

for Respondent/Cross-Petitioner